UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOJITZ JECT CORPORATION | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | | SECTION |
| VERSUS | * | |
| M/V TINA, her engines, tackle, apparel, etc., *in rem*, | * | MAGISTRATE |
| TINA SHIPPING, B.V., | * | |
| A.C. OERSSLEFF CHARTERING A/S, A.C. OERSSLEFF, HOLTE (DENMARK), *in personam* | * | |
| | * | |
| Defendant | | |
| | * | |

\* \* \* \* \* \* \* \*

## **COMPLAINT**

**NOW COMES**, plaintiff, Sojitz Ject Corporation ("SOJITZ"), through undersigned counsel, and for its complaint against the M/V TINA, *in rem*, TINA SHIPPING, B.V., A.C. OERSSLEFF CHARTERING A/S, A.C. OERSSLEFF, HOLTE (DENMARK), *in personam,* avers:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based on 28 U.S.C. § 1333.

2.

At all material times, plaintiff Sojitz was and still is a corporation organized pursuant to the laws of Japan, with its principal office in Tokyo, Japan, and is the owner, at all material times, of a consignment of calcined needle pitch coke shipped on board the M/V TINA as more fully described below.

3.

At all material times the M/V TINA, was and still is an ocean-going vessel which is engaged in the common carriage of goods by sea for hire between various foreign and domestic ports, including the ports of Kanda, Japan and New Orleans/LaPlace, Louisiana, and is now, or will be during the pendency of process hereunder, within this district and within the jurisdiction of this Court.

4.

At all material times, the defendants TINA SHIPPING, B.V., A.C. OERSSLEFF CHARTERING A/S, A.C. OERSSLEFF, HOLTE (DENMARK), *in personam*, were and still are corporations or other legal entities organized and existing pursuant to the laws of a foreign country, and were the owners and/or operators and/or charterers of the M/V TINA, and were engaged in the carriage of merchandise by water for hire.

5.

On or about December 11, 2010, a consignment of approximately 2,700 metric tons of calcined pitch needle coke (grade LPC-US) owned by plaintiff was delivered, in good order and condition, to the defendants and the M/V TINA at Kanda, Japan, for carriage to the port of New Orleans/LaPlace, Louisiana, in accordance with the terms of one or more bills of lading, or other contract(s) of carriage, which were signed and delivered to the shippers of said cargo by defendants, or by the Master of the M/V TINA and/or his duly authorized agent.

6.

Thereafter, the cargo was loaded aboard the M/V TINA, and having said cargo on board, the vessel sailed from Kanda, Japan, and subsequently arrived at LaPlace, approximately Mile 134, LMR, where, upon discharge, the cargo was in a damaged condition, thereby causing damages to plaintiff.

7.

The damage to the cargo was not caused by any act or omission of plaintiff or those for whom it may be responsible, but instead was caused by the negligence, fault, breach of duty, or breach of contract or warranty of the defendants, and/or the unseaworthiness of the M/V TINA.

8.

The applicable bills of lading and/or contract(s) of carriage are governed by the maritime laws of the United States and/or the Carriage of Goods by Sea Act, 46 U.S.C. § 1301, *et seq*. and/or other applicable laws or conventions.

9.

Prior to the commencement of this action, plaintiff became the owner for the value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holder of the bills of lading, and brings this action on its own behalf and in behalf of, and for the interest of, all parties who are or may become, interested in the cargo in question as their respective interests may ultimately appear.

10.

By reason of the premises, plaintiff has a maritime lien on the vessel.

11.

All and singular, the matters alleged are true and are correct.

**WHEREFORE**, plaintiff prays that:

(1)   The Clerk of Court issue a warrant for the arrest and/or attachment of the M/V TINA, her engines, tackle, apparel, etc. and that all persons claiming any rights, title or interest in said vessel may be summoned to appear and answer under oath all and singular the matters aforesaid and that said vessel may be condemned and sole to pay the demand as aforesaid, together with interest thereon, costs and attorneys' fees.

(2)   Process in due form of law issue against defendants TINA SHIPPING, B.V., A.C. OERSSLEFF CHARTERING A/S, A.C. OERSSLEFF, HOLTE (DENMARK), *in personam*, citing them to appear and answer this Complaint;

(3)     Judgment be entered in favor of plaintiff, and against defendant M/V TINA, her engines, tackle, apparel, etc., *in rem*, and against defendants TINA SHIPPING, B.V., A.C. OERSSLEFF CHARTERING A/S, A.C. OERSSLEFF, HOLTE (DENMARK), *in personam*, for all sums shown to be due and owing at trial, together with interest and costs.

(4)     That plaintiff be awarded such further relief as justice and equity require.

/s/ FRANCIS J. BARRY, JR.
FRANCIS J. BARRY, JR. (LA. BAR #02830)
WALTER P. MAESTRI (LA. BAR #25776)
PAUL D. HALE (LA. BAR #30539)
of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
Email: fbarry@dkslaw.com
       wmaestri@dkslaw.com
**ATTORNEYS FOR PLAINTIFF**

**PLEASE WITHHOLD**
***IN REM* SERVICE UNTIL**
**FURTHER NOTICE**